NO. SCPW-12-0000730

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

EDMUND M. ABORDO, Petitioner,

vs.

THE HONORABLE VIRGINIA L. CRANDALL, JUDGE OF THE CIRCUIT
COURT OF THE FIRST CIRCUIT, STATE OF HAWAI'I, Respondent.

ORIGINAL PROCEEDING
(CIV. NO. 11-1-2228-09; S.P.P. NO. 11-1-0052)

ORDER DENYING PETITION FOR WRIT OF MANDAMUS/PROHIBITION
(By: Recktenwald, C.J., Nakayama, McKenna,and Pollack, JJ.,
with Acoba, J., dissenting)

Upon consideration of petitioner Edmund M. Abordo's
August 22, 2012 petition for a writ of mandamus/prohibition in
which he seeks a writ (1) directing the Honorable Virginia Lea
Crandall to recuse herself from Civil No. 11-1-2228-09, and
2) expediting the case, and the record, it appears that, at this
time, petitioner fails to demonstrate a clear and indisputable
right to relief and, therefore, mandamus relief is not warranted.
See Kema v. Gaddis, 91 Hawai'i 200, 204-05, 982 P.2d 334, 338-39
(1999) (A writ of mandamus is an extraordinary remedy that will
not issue unless the petitioner demonstrates a clear and
indisputable right to relief and a lack of alternative means to
redress adequately the alleged wrong or obtain the requested

action.  Such writs are not intended to supersede the legal discretionary authority of the lower courts, nor are they intended to serve as legal remedies in lieu of normal appellate procedures.).  This court, however, is mindful that petitioner may not have access to court rules and forms, which may make it difficult for petitioner to conform to the circuit court's minute orders and, as a result, the circuit court should consider setting the motion for hearing or non-hearing disposition, as the court deems appropriate.  Moreover, minute orders do not satisfy the requirement of written orders disposing of motions.  The standard for mandamus relief not having been satisfied, however,

IT IS HEREBY ORDERED that the clerk of the appellate court shall process the petition for a writ of mandamus/prohibition without payment of the filing fee.

IT IS FURTHER ORDERED that the petition for a writ of mandamus/prohibition is denied.

DATED: Honolulu, Hawai‘i, October 9, 2012.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack



## DISSENT BY ACOBA, J.

I dissent inasmuch as I do not believe a motion for summary judgment can be a non-hearing motion.

/s/ Simeon R. Acoba, Jr.